UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WP COMPANY LLC <br> d/b/a THE WASHINGTON POST, <br><br>     Plaintiff, <br><br>        v. <br><br> U.S. DEPARTMENT OF DEFENSE, *et al.*, <br><br>     Defendants. | Civil Action No. 21-1025 (APM) |

## ANSWER

Defendants U.S. Department of Defense, U.S. Department of the Air Force, U.S. Department of the Army, U.S. Department of the Navy, and U.S. Department of State, by and through undersigned counsel, hereby respond to the allegations in the Complaint for Declaratory and Injunctive Relief, filed by Plaintiff WP Company LLC, d/b/a The Washington Post, on April 13, 2021, ECF No. 1, as follows:

## INTRODUCTION[1]

1.    Paragraph 1 constitutes Plaintiff's characterization of this action brought under the Freedom of Information Act ("FOIA"), to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to declaratory or injunctive relief, or to any relief whatsoever.

2.    The allegations in Paragraph 2 constitute Plaintiff's characterization of the FOIA requests, which speak for themselves. Defendants admit that they received a FOIA request from

---

[1]    Merely for ease of reference, this Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

Plaintiff.  Defendants respectfully refer the Court to a copy of those requests for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5.

## PARTIES

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.      Defendant U.S. Department of Defense admits that it is an agency of the federal government and that it has possession and control of responsive records requested by Plaintiff.[2]

8.      Defendant U.S. Department of the Army admits that it is an agency of the federal government and that is has possession and control of responsive records requested by Plaintiff.

9.      Defendant U.S. Department of the Navy admits that it is an agency of the federal government and that the U.S. Marine Corps is part of the U.S. Department of the Navy. Defendant U.S. Department of the Navy admits that it is an agency of the federal government and is assessing whether it has possession and control of responsive records requested by Plaintiff.

10.     Defendant U.S. Department of the Air Force admits that it is an agency of the federal government.   Defendant U.S. Department of the Air Force denies that it has possession

---

[2]      The Department of Defense's Office of Inspector General is responding to Plaintiff's FOIA request on behalf of the Department of Defense.

and control of the records that Plaintiff seeks, and aver that to the extent Defendant U.S.

Department of the Air Force has possession and control of the records Plaintiff seeks, some or all

of the records are exempt, in whole or in part, from disclosure under FOIA.

11. Defendant U.S. Department of State admits that it is an agency of the federal

government and that it has possession and control of responsive records requested by Plaintiff.

## JURISDICTION AND VENUE

12. Defendants admit the allegations in the first sentence of Paragraph 12. The

remaining allegations in Paragraph 12 constitute conclusions of law, to which no response is

required.

13. Defendant admits that venue is proper in this judicial district.

## FACTUAL ALLEGATIONS

14. The allegations in Paragraph 14 do not set forth a claim for relief or aver facts in

support of a claim under FOIA to which an answer is required. To the extent that the Court

determines that the foregoing is an inadequate response, the Court should strike the allegations in

this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

15. The allegations in Paragraph 15 do not set forth a claim for relief or aver facts in

support of a claim under FOIA to which an answer is required. To the extent that the Court

determines that the foregoing is an inadequate response, the Court should strike the allegations in

this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

16. The allegations in Paragraph 16 do not set forth a claim for relief or aver facts in

support of a claim under FOIA to which an answer is required. To the extent that the Court

determines that the foregoing is an inadequate response, the Court should strike the allegations in

this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

17.     The allegations in Paragraph 17 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

18.     The allegations in Paragraph 18 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

19.     The allegations in Paragraph 19 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

20.     The allegations in Paragraph 20 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

21.     The allegations in Paragraph 21 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

22.     The allegations in Paragraph 22 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court

determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

23.     The allegations in Paragraph 23 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

24.     The allegations in Paragraph 24 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

25.     Defendant U.S. Department of the Air Force admits that Plaintiff submitted a FOIA request dated October 9, 2020, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of the Air Force denies the allegations in Paragraph 25 to the extent they are inconsistent with the request's text, meaning, or context.

26.     Defendant U.S. Department of the Air Force admits that Plaintiff submitted a FOIA request dated October 12, 2020, addressed to the Air Force Office of Inspector General, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of the Air Force denies the allegations in Paragraph 26 to the extent they are inconsistent with the request's text, meaning, or context.

27.     Defendant U.S. Department of the Navy admits that Plaintiff submitted a FOIA request dated October 9, 2020, addressed to the Navy Personnel Command, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of the Navy denies the

allegations in Paragraph 27 to the extent they are inconsistent with the request's text, meaning, or context.

28.    Defendant U.S. Department of the Navy admits that Plaintiff submitted a FOIA request dated October 12, 2020, addressed to the U.S. Navy Office of Inspector General, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of the Navy denies the allegations in Paragraph 28 to the extent they are inconsistent with the request's text, meaning, or context.

29.    Defendant U.S. Department of the Army admits that Plaintiff submitted a FOIA request dated October 9, 2020, addressed to the U.S. Army Human Resources Command, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of the Army denies the allegations in Paragraph 29 to the extent they are inconsistent with the request's text, meaning, or context.

30.    Defendant U.S. Department of the Army admits that Plaintiff submitted a FOIA request dated October 12, 2020, addressed to the Army Office of Inspector General, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of the Army denies the allegations in Paragraph 30 to the extent they are inconsistent with the request's text, meaning, or context.

31.    Defendant U.S. Department of Navy admits that Plaintiff submitted a FOIA request dated October 9, 2020, addressed to the United States Marine Corps, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of Defense denies the allegations in Paragraph 31 to the extent they are inconsistent with the text, meaning, or context of the request.

32.     Defendant U.S. Department of the Navy admits that Plaintiff submitted a FOIA request dated October 12, 2020, addressed to the Marine Corps Office of Inspector General, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of Defense denies the allegations in Paragraph 32 to the extent they are inconsistent with the request's text, meaning, or context.

33.     Defendant U.S. Department of the Defense admits that Plaintiff submitted a FOIA request dated October 12, 2020, addressed to the Department of Defense Office of Inspector General, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of Defense denies the allegations in Paragraph 33 to the extent they are inconsistent with the request's text, meaning, or context.

34.     Defendant U.S. Department of State admits that Plaintiff submitted a FOIA request dated October 13, 2020, addressed to the U.S. Department of State, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of State denies the allegations in Paragraph 34 to the extent they are inconsistent with the request's text, meaning, or context.

35.     Defendant U.S. Department of the Air Force admits that, on October 26, 2020, it sent Plaintiff a response to its FOIA request, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of the Air Force denies the allegations in Paragraph 35 to the extent they are inconsistent with the response's text, meaning, or context.

36.     Defendant U.S. Department of the Navy admits that, on October 28, 2020, the Department of the Navy, Naval Inspector General, sent Plaintiff a response to its FOIA request, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of

the Navy denies the allegations in Paragraph 36 to the extent they are inconsistent with the response's text, meaning, or context.

37.     Defendant U.S. Department of Defense admits that, on February 1, 2021, the Inspector General, Department of Defense, sent Plaintiff a response to its FOIA request, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of Defense denies the allegations in Paragraph 37 to the extent they are inconsistent with the response's text, meaning, or context.

38.     Defendant U.S. Department of the Navy admits that, on March 31, 2021, the Department of the Navy, Bureau of Naval Personnel, sent Plaintiff a response to its FOIA request, which speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of the Navy denies the allegations in Paragraph 38 to the extent they are inconsistent with the response's text, meaning, or context.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendant U.S. Department of Defense admits that Plaintiff submitted an appeal dated February 24, 2021 to the Department of Defense, Office of Inspector General, and that this appeal speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of Defense denies the allegations in Paragraph 40 to the extent they are inconsistent with the appeal's text, meaning, or context.

41.     Defendant U.S. Department of Defense admits that, on February 25, 2021, its Inspector General sent Plaintiff a response to its appeal and that this response speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of Defense denies the allegations in Paragraph 41 to the extent they are inconsistent with the response's text, meaning, or context.

42.     The allegations in Paragraph 42 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited cases and statutory provisions, which speak for themselves and are the best evidence of their contents.  Defendants deny the allegations in Paragraph 42 to the extent they are inconsistent with the cases' and statute's text, meaning, or context.

43.     Defendant U.S. Department of the Air Force admits that Plaintiff submitted an appeal dated February 24, 2021, and that this appeal speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of the Air Force denies the allegations in Paragraph 43 to the extent they are inconsistent with the appeal's text, meaning, or context.

44.     Defendant U.S. Department of the Air Force admits that Plaintiff submitted an appeal dated February 24, 2021, and that this appeal speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of the Air Force denies the allegations in Paragraph 44 to the extent they are inconsistent with the appeal's text, meaning, or context of the appeal.

45.     Defendant U.S. Department of the Army admits that Plaintiff submitted an appeal to the Department of the Army, US Army Human Resources Command, dated February 24, 2021, and that this appeal speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of the Army denies the allegations in Paragraph 45 to the extent they are inconsistent with the appeal's text, meaning, or context.

46.     Defendant U.S. Department of the Army admits that Plaintiff submitted an appeal to the Office of Inspector General, dated February 24, 2021, and that this appeal speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of the Army denies the allegations in Paragraph 46 to the extent they are inconsistent with the appeal's text, meaning, or context.

47.     Defendant U.S. Department of the Navy admits that Plaintiff submitted an appeal to the Judge Advocate General, dated February 24, 2021, and that this appeal speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of Defense denies the allegations in Paragraph 47 to the extent they are inconsistent with the appeal's text, meaning, or context.

48.     Defendant U.S. Department of the Navy admits that Plaintiff submitted an appeal to the Judge Advocate General, dated February 24, 2021, and that this appeal speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of Defense denies the allegations in Paragraph 48 to the extent they are inconsistent with the appeal's text, meaning, or context.

49.     Defendant U.S. Department of State admits that Plaintiff submitted an appeal to the agency, dated February 24, 2021, and that this appeal speaks for itself and is the best evidence of its contents.  Defendant U.S. Department of State denies the allegations in Paragraph 49 to the extent they are inconsistent with the appeal's text, meaning, or context.

50.     Defendants deny the allegations in Paragraph 50.  At least one Defendant has produced records responsive to Plaintiff's FOIA request.

51.     Defendants deny the allegations in Paragraph 51.  At least one Defendant has informed Plaintiff as to the scope of records that it will produce in response to Plaintiff's FOIA request.

52.     Defendants deny the allegations in Paragraph 52.  At least one Defendant has informed Plaintiff as to the scope of responsive records that it will withhold pursuant to any FOIA exemption(s).

## CLAIMS FOR RELIEF

### COUNT I

53.    Defendants reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

54.    The allegations in Paragraph 54 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of their contents.  Defendants deny the allegations in Paragraph 54 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

55.    With respect to the allegations in Paragraph 55, Defendants respectfully refer the Court to the FOIA requests submitted by Plaintiff to Defendants, which speak for themselves and are the best evidence of their context.  Defendants deny the allegations in Paragraph 55 to the extent they are inconsistent with the requests' text, meaning, or context.

56.    The allegations in Paragraph 56 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 56 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

57.    Defendants admit the allegations in Paragraph 57.

58.    The allegations in Paragraph 58 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of its

contents.  Defendants deny the allegations in Paragraph 58 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

59.     The allegations in Paragraph 59 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 59 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

60.     The allegations in Paragraph 60 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants deny the allegations in Paragraph 60.

61.     Paragraph 61 constitutes Plaintiff's request for relief in this action, which is set forth in the Complaint, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 61 to the extent they are inconsistent with the Complaint's text, meaning, or context.

62.     Paragraph 62 constitutes Plaintiff's request for relief in this action, which is set forth in the Complaint, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 62 to the extent they are inconsistent with the Complaint's text, meaning, or context.

## COUNT II

63.     Defendants reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

64.     The allegations in Paragraph 64 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants respectfully refer

the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 64 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

65.     The allegations in Paragraph 65 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 65 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

66.     The allegations in Paragraph 66 constitute legal conclusions to which no response is required.

67.     Defendants admit the allegations in Paragraph 67.

68.     The allegations in Paragraph 68 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 68 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

69.     The allegations in Paragraph 69 constitute legal conclusions to which no response is required.

70.     The allegations in Paragraph 70 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants deny the allegations.

71.     Paragraph 71 constitutes Plaintiff's request for relief in this action, which is set forth in the Complaint, which speaks for itself and is the best evidence of its contents.

13

Defendants deny the allegations in Paragraph 71 to the extent they are inconsistent with the Complaint's text, meaning, or context.

72.     Paragraph 72 constitutes Plaintiff's request for relief in this action, which is set forth in the Complaint, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 72 to the extent they are inconsistent with the Complaint's text, meaning, or context.

### REQUEST FOR RELIEF

The remainder of the Complaint consists of a request for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested in these paragraphs, or elsewhere in the Complaint, or to any relief whatsoever

### DEFENSES

Defendants assert the following defenses to the Complaint.  In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.  Defendants also reserve the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation.

1.     Defendants deny each allegation contained in the Complaint not expressly admitted in this Answer.  Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

2.     The FOIA request that is the subject of this lawsuit implicates certain information that is protected from disclosure by one or more statutory exemptions.  Disclosure of such information is not required.

3.     The Complaint violates Rule 8(a)(2) to the extent that it alleges background information that is unnecessary to a "short and plain" statement of the claim.  Should the Court deem Defendants' responses to such allegations to be insufficient, the Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f)(1).

Dated:  May 14, 2021                            Respectfully submitted,

                                                CHANNING D. PHILLIPS, D.C. Bar #415793
                                                Acting United States Attorney

                                                BRIAN P. HUDAK
                                                Acting Chief, Civil Division

                                                By:  ___/s/ *Paul Cirino*_____
                                                PAUL CIRINO, D.C. Bar #1684555
                                                Assistant United States Attorney
                                                Civil Division
                                                U.S. Attorney's Office for the District of Columbia
                                                555 4th Street, N.W.
                                                Washington, D.C.  20530
                                                Telephone: (202) 252-2529
                                                Facsimile: (202) 252-2599
                                                paul.cirino@usdoj.gov

                                                *Attorneys for Defendants*