IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WP COMPANY LLC<br>d/b/a THE WASHINGTON POST,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>U.S. DEPARTMENT OF DEFENSE, et al.,<br><br>　　　　　　Defendants. | Case No. 21-cv-1025-APM |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

In this Freedom of Information Act ("FOIA") action, the parties have filed cross-motions for summary judgment on Defendants' withholding of certain information about the foreign government employment ("FGE") application process, including the dollar amounts that FGE applicants ranked O-7 and higher – *i.e.*, retired admirals and generals – expected to receive from the foreign government employers. Defendants withheld that information under Exemption 6, and Plaintiff WP Company LLC d/b/a The Washington Post ("the *Post*") has argued that these withholdings are improper because the privacy interest in that pay information is modest, while the public interest is substantial. *See* Mem. in Supp. of the Post's Cross-Mot. for Summ. J. ("Mem.") at 12-18, Dkt. 23-1. The *Post* now respectfully notifies the Court of two developments that have occurred since briefing closed that further weaken Defendants' Exemption 6 claims and fully support the *Post*'s arguments.

**First**, on April 8, 2022, in response to one of the requests at issue in the related FOIA case also pending before this Court,[1] Defendant U.S. Department of the Air Force ("Air Force")

---

[1] *WP Co. LLC v. Dep't of the Air Force*, No. 21-cv-2458-APM.

produced to the *Post* a "Foreign Government Employment Case" file concerning retired four-star Air Force General William B. Fraser, III, the outgoing commander of U.S. Transportation Command ("TRANSCOM"). According to the "Staff Summary Sheet" contained in that file, a copy of which is attached hereto as Exhibit A, General Fraser twice sought permission for "post-retirement compensation as an advisor to the Silkway Group" – an aviation company owned or otherwise controlled by the Azerbaijani government – "at a rate of $5,000 per day, with a minimum guaranteed work schedule of one day per month." *See* Ex. A at 1. The Director of the Air Force Review Boards Agency recommended denying the FGE requests, observing that "the previous commander of TRANSCOM, Gen. Duncan McNabb," had also "accepted some level of compensated employment from Silkway immediately or soon after his retirement." *Id*. at 2. Having learned that the Air Force spent hundreds of millions of dollars "on support services from Silkway during the periods of time Gen. McNabb and Gen. Fraser were in command," the director stated that the Air Force "should do nothing that would cause Congress or the media to question whether the hundreds of millions of dollars flowing to Silkway are solely for valid national security needs," and that "[h]owever inaccurate, these compensated relationships could raise questions as to whether one motivation for the [Air Force's] expenditures is that TRANSCOM commanders know that a perk of office is *a lucrative advisory contract* from Silkway upon retirement." *Id*. (emphasis added).

Defendants have denied even the possibility "that former senior officials may be tempted by the wealth of foreign interests" and have further asserted that "[t]he monetary temptations that former senior military officials may or may not face in no way implicate the Defendant agencies' adjudication of foreign government employment applications or the performance of their statutory duties." Defs.' Opp. to the Post's Cross-Mot. for Summ. J. ("Opp.") at 13-14, Dkt. 26.

This Staff Summary Sheet directly refutes those arguments. It reveals the Air Force expressly considered, in adjudicating this FGE application, whether a $5,000/day contract with a substantial government contractor would suggest to the public the existence or appearance of monetary temptations. The director's concern that approving General Fraser's application would invite questions into TRANSCOM's prior spending on Silkway is thus on all fours with the *Post*'s argument that "[b]y knowing how much money the foreign governments intend to pay these former military leaders, the public can . . . more meaningfully assess [any] past interactions" between the applicants and their potential employers, such that "the public will then be able to evaluate whether Defendants have properly taken those same considerations into account in deciding whether to approve or deny the FGE applications." Mem. at 17-18.

Knowing that Silkway intended to pay General Fraser a salary of at least $60,000 a year, and potentially multiples of that amount – and that the Air Force considered such compensation to be "lucrative" – means the public can now better evaluate and understand the Air Force's decision to reject General Fraser's FGE applications. *See, e.g.*, *Jurewicz v. Dep't of Agric.*, 741 F.3d 1326, 1332 (D.C. Cir. 2014) (in weighing the public interest under Exemption 6, "[t]he proper inquiry is whether the information 'sheds light' on government activities, and whether it would 'appreciably further' public understanding of the government's actions") (citation omitted). In all likelihood, the Service Branches consider the "lucrative" nature of these offers in weighing their obligations while reviewing FGE applications. Indeed, an important point in this FOIA litigation is to determine precisely what factors into Defendants' FGE approvals and "to question whether the hundreds of millions of dollars flowing" to federal contractors have an influence on military officers' post-service employment. By rejecting the categorical withholding of pay information for FGE applicants ranked O-7 and higher, this Court would

ensure the public can gain the same insight into that decision-making process, just as FOIA was intended to provide.

**Second**, on April 13, 2022, the *Post* received copies of the two reports that Defendants have provided to Congress pursuant to 37 U.S.C. § 908, as amended by Section 641 of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021. As noted in the transmittals, copies of which are attached hereto as Exhibit B, that amendment requires "[t]he Secretaries of the military departments, after consulting with the Secretary of State, [to] jointly submit to [the House and Senate Armed Services Committees] a report on each approval for employment or compensation from a foreign government for a retired member of the armed forces in general or flag officer grade that was issued during the preceding year." *See* Ex. B at 1, 2. Specifically, Defendants must now disclose to Congress "[t]he total amount of compensation, if any, or payment to be provided" for each approved FGE applicant ranked O-7 and higher. *See* 37 U.S.C. § 908(d)(2)(C).

Defendants have attempted to justify withholding the pay information for FGE applicants ranked O-7 and higher by arguing that they "have already released more than enough information to disclose the fact of foreign government employment, which provides [the *Post*] and the public all they need to analyze whether such retrospective influence may be wielded on a case-by-case basis," and that the *Post* "does not need to be able to tie that employment to a specific salary figure in order to conduct that analysis." Opp. at 13-15. In amending Section 908 to require Defendants to report specific salary figures to the Armed Services Committees, however, the President and Congress endorsed the opposite view – *i.e.*, that knowing the specifics of someone's compensation *is* part and parcel of overseeing and understanding the FGE application process. That conclusion is supported by common sense, which tells us that people

are more likely to be influenced – or to *appear* to be influenced, which is equally important to the law of official disclosures – by larger amounts of money.

Dated: April 26, 2022

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Emmy Parsons (#1026101)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
parsonse@ballardspahr.com

*Counsel for Plaintiff WP Company LLC
d/b/a The Washington Post*