UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WP COMPANY, LLC,<br><br>        **Plaintiff,**<br>v.<br><br>U.S. DEPARTMENT OF DEFENSE, et al.<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>) Case No. 21-1025 (APM)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

The parties, by undersigned counsel, and pursuant to the Court's November 14, 2022 minute order, report to the Court on the status of this matter as follows.

1. In the September 9, 2022 order, the Court directed the parties to "file a joint status report by November 8, 2022, that updates the court on the continued processing and production of responsive records, including the information the court has ordered disclosed" pursuant to the Order.

2. The Court further ordered in relevant part as follows:

    (1) Defendants shall disclose the income and security clearance information for applicants ranked O-7 and higher.
    (2) Defendants shall conduct an individualized assessment of the public and private interests with respect [to] the names of applicants ranked O-6 and lower.
    (3) Defendants may not withhold any Army or Navy internal memorandum based on the attorney-client privilege, except to the extent such memorandum contains confidential information provided by the branch itself.
    (4) Defendants shall disclose any reasonably segregable factual materials withheld from the Army and Navy internal memoranda.

(ECF No. 32, Order at 22)

3. The parties filed a joint status report on November 8, 2022, in which the State

Department, and each component of the Department of Defense, addressed the items of the September 9, 2022 order that pertained to them. They now each provide a further update as follows. As an initial matter, Defendants dispute Plaintiff's premise below that a determination following an individualized review that no further production is warranted somehow indicates that an individualized review in accordance with the Court's order was not conducted. To the extent Plaintiff is dissatisfied with the outcome of that review, that is an issue to be decided following a subsequent round of summary judgment motions not through arguments made by Plaintiff in a status report. Defendants state that they will submit to the Court a *Vaughn* Index and/or supporting declaration as to any issues that may require further summary judgment briefing (such as, for instance, as to the 0-6 and below individualized assessment) at the time such motions are due to be filed, and object to Plaintiff's request that the Court order the production of a *Vaughn* Index and/or supporting declaration prior to that date. *See Twist v. Aschcroft,* 2002 U.S. Dist. LEXIS 4115, at *3 (D.D.C. Mar. 11, 2002) ("case law supports the defendant's position that production of a *Vaughn* index prior to the summary judgment stage is premature"), *adopted by*, 2002 U.S. Dist. LEXIS 27600 (D.D.C. Mar. 27, 2002).

> **NAVY**: The Navy expects to complete its individualized review of the 0-6 and below applications and to release any applicant names on those applications after that review no later than January 31, 2023. With respect to the information ordered disclosed from the 0-7 and above applications, the Navy completed that production on December 30, 2022. With respect to internal memoranda, the Navy did not withhold any information in those memoranda pursuant to exemption 5 and understands the reference to "Navy" in the Court's order to refer to internal memoranda processed by the Marine Corps. The information on the internal memoranda processed by the Navy was withheld pursuant to

Exemption 6, and will be withheld or released consistent with the individualized review described above.

**MARINE CORPS:** The United States Marine Corps states that it has completed its individualized review of the O-6 and below applications and has determined, based on that individualized review, that the names of the applicants should remain redacted under Exemption 6. Accordingly, the United States Marine Corps does not intend to make any further releases with respect to those documents. With respect to the internal memoranda, the United States Marine Corps has completed the review of those memoranda as directed by the Court and made a release of redacted versions of the memoranda on November 9th, 2022.

In response to Plaintiff's assertion below regarding the 0-7 and above applications, as stated in the prior status report, the Marine Corps refers the Court to the briefing on the cross-motions for summary judgment that are the subject of the September 9, 2022 Order. Specifically, the following assertions of fact were undisputed in connection with those motions:

> 12. HQMC revised its initial release and re-released the documents on September 30th, 2021. This second release contained 193 pages withheld in part pursuant to exemption 6. HQMC withheld 21 pages in full pursuant to exemptions 5 and 6.

> 13. All of the records pertain to retired service members in the paygrades of O-6 and below, as FGE applications for Flag and General Officers were previously released to this requester.

3

See ECF No. 21-4 at ECF p. 3 ¶ 12-13 (setting forth the above assertions of fact); ECF No. 22-1, ECF p. 9 ¶ 12-13 (conceding that these assertions were undisputed). The Marine Corps further states that the reference to "FGE applications for Flag and General Officers" having been "previously released to this requester" pertains to a release made in response to a prior FOIA request that is not the request at issue in this lawsuit. The Marine Corps remains willing to confer with Plaintiff on this issue.

**ARMY:** The Army provided the plaintiff with a supplemental release on January 13, 2023 in which the Army made an individualized assessment of each name O-6 and below. The Army will continue to complete its individualized review of the O-6 and below applications and make releases on a rolling basis. With respect to the internal memoranda, the Army is working toward releasing responsive pages but does not yet have an estimate as to when that release will occur. With respect to the information ordered disclosed from the O-7 and above applications, the Army has not completed its review of these pages and will endeavor to complete that production by February 28, 2023.

**AIR FORCE:** The Air Force completed its individualized review of the 0-6 and below applications provided to the Plaintiff in May 2022. As a result of the additional review, the Air Force revised the redactions of 15 applications and provided them to the plaintiff on 23 December 2022. With respect to the information ordered disclosed from the 0-7 and above applications initially released to the Plaintiff in May 2022, the Air Force completed that production to the Plaintiff on 18 November 2022. While reviewing the production, it came to the attention of Air Force personnel that responsive records may have been overlooked due to a change in personnel during the early stages of the

litigation. As a result, the Air Force has begun to identify and review additional responsive records, with an initial production date anticipated by 17 February 2023. Finally, to clarify Plaintiff's statement below in footnote 1, since the Court's September 9, 2022 decision, the Air Force has provided revised redactions to both the 0-7+ (10 docs on 11 November 2022) and O-6 and below (15 docs on 23 December 2022).

**STATE:** The State Department cross-referencing of the final determination letters produced by the Department of Defense components with its records has thus far led State to identify approximately 55 additional letters that were not included in its initial production that it will process for release. State will also make a re-release of certain final determination letters to lift redactions in accordance with the re-released records by the Department of Defense components. State is also prepared to meet and confer with Plaintiff to determine what, if any, additional non-exempt records Plaintiff may want State to process that Plaintiff has not already received from the Department of Defense components.

4. Plaintiff WP Company LLC d/b/a *The Washington Post* (the "*Post*") states as follows: Two points that remain in dispute in this matter currently warrant the Court's attention.

<u>**First**</u>, in its September 9, 2022 Order, this Court directed Defendants to "conduct an *individualized* assessment of the public and private interests with respect [to] the names of applicants ranked O-6 and lower." Order at 22 (emphasis added). Only one defendant, the Air Force, has even partially complied: it has released 15 sets of records for FGE applicants ranked

5

O-6 and below with certain names unredacted.[1] The Navy and the Army have not completed processing, but they have yet to disclose the name of a single FGE applicant ranked O-6 and below. The Marine Corps completed processing and claims the result of its "individualized" review was the same each time: withhold the name of the applicant ranked O-6 and below.

As far as the Army, Navy, and Marine Corps' claims that each Branch's "individualized" assessments of FGE applicants ranked O-6 and below result in the withholding of <u>each and every applicant's name</u>, the Court should order those Defendants to substantiate those assessments in *Vaughn* indices explaining what factors they considered (*e.g.*, the amount of proposed pay, the state of our nation's relationship with the foreign employer, the possibility that the opportunity is or might be viewed as "a perk of office" for the applicant's prior work,[2] etc.), and how they balanced those factors against one another.[3] *See, e.g.*, *Husch Blackwell LLP v. EPA*, 442 F. Supp. 3d 114, 120 (D.D.C. 2020) (noting that an agency defendant "bears the burden of showing that it properly withheld materials pursuant to a statutory exemption" and that "[a]n agency may meet its burden 'by submitting sufficiently detailed affidavits or declarations, a *Vaughn* index of the withheld documents, or both, to demonstrate that the government has analyzed carefully any material withheld and provided sufficient information as to the applicability of an exemption to enable the adversary system to operate.'") (quoting *Brennan Ctr. for Justice v. Dep't of State*, 296 F. Supp. 3d 73, 80 (D.D.C. 2017)).

---

[1] The Post reserves the right to challenge the Air Force's withholding of other applicants' names. Moreover, it bears note that the Air Force has produced only 30 out of the approximately 215 FGE applications that the Air Force received between 2015 and 2020. *See* ECF No. 27-1 ¶ 5.

[2] *Cf.* Order at 13-14 (discussing the "striking" FGE application addressed in ECF No. 29-1).

[3] For instance, one Army component, U.S. Army Intelligence & Security Command, has vaguely cited "Perlman factors" in deciding not to release any of the names of FGE applicants ranked O-6 and below, but it is not clear what factors, if any, other Army components are considering.

Defendants err in arguing that, categorically, it would be premature for the Court to order the production of *Vaughn* indices prior to another round of summary judgment. *See, e.g.*, *Hansen v. U.S. Dep't of Air Force*, 1991 WL 199748, at *2 (D.D.C. Apr. 15, 1991) (ordering production of *Vaughn* index months before deadline to move for summary judgment).[4] Indeed, prompt production of *Vaughn* indices will ensure these Defendants have conducted the individualized review the Court ordered and prevent unnecessary motions practice on that issue. *See, e.g.*, *Keeper of Mountains Found. v. Dep't of Justice*, 2006 WL 1666262, at *3 (S.D.W. Va. June 14, 2006) ("The court is persuaded that Plaintiff's access to a *Vaughn* index at this stage of the litigation, rather than later at the summary judgment stage, is the more efficient and fair approach.").

The Court should therefore direct the Army, Navy, and Marine Corps to produce *Vaughn* indices substantiating their "individualized" assessments for withholding the names of each applicant ranked O-6 or lower. If those Defendants are unable or unwilling to provide that level of detail, then the Post respectfully submits that the Court should not approve those withholdings "without in camera review" of the records themselves. *See Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578 (D.C. Cir. 1996).

**Second**, this Court expressly directed that "Defendants shall disclose the income and security clearance information for applicants ranked O-7 and higher," *see* Order at 22, yet the

---

[4] *See also ACLU v. Dep't of Def.*, 339 F. Supp. 2d 501, 505 (S.D.N.Y. 2004) (ordering the government to produce or identify all responsive records by a date certain and, by that same date, to "provide plaintiffs with a [*Vaughn*] declaration," in part because "[n]early one year has passed since the documents were first requested," and thus "to permit further delays in disclosure or providing justification for not disclosing would subvert the intent of FOIA"); *Providence J. Co. v. Dep't of Army*, 769 F. Supp. 67, 69 (D.R.I. 1991) ("Defendant has not provided any specific reason why the requested documents are not suited to a *Vaughn* Index. I find defendant's argument that this Court should wait until it files a dispositive motion insufficient and sterile.").

Marine Corps still has not done so. In the previous Joint Status Report, the Post explained why the Marine Corps' excuse for not producing this information is baseless. *See* ECF No. 36 at 7. That said, the State Department has agreed to release non-exempt records that the Post "has not already received from the Department of Defense components," *see supra* at 3-4, and the Post does not care which Defendant produces the information so long as the information is produced. The Post therefore respectfully requests that the Court order the Marine Corps *and* the State Department to disclose the income and security clearance information for Marine Corps FGE applicants ranked O-7 and higher, and leave it to them to decide which one will actually do so.

5. In light of the above, the parties propose that they file a further status report by March 21, 2023.

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Plaintiff WP Company LLC
d/b/a The Washington Post*

AND

MATTHEW M. GRAVES, D.C. BAR #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  /s/
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov